**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000456**
**10-NOV-2015**
**08:29 AM**

NO. CAAP-14-0000456

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MICHELE LINCOLN, Plaintiff/Appellant-Appellant,
v.
LAND USE COMMISSION, STATE OF HAWAI'I; WEST MAUI LAND
COMPANY, INC., a domestic profit corporation;
KAHOMA RESIDENTIAL LLC, a domestic limited liability
Company; OFFICE OF PLANNING, STATE OF HAWAI'I; MAUI
PLANNING DEPARTMENT, COUNTY OF MAUI; WILLIAM SPENCE,
Director of Planning of the County of Maui;
and ROUTH BOLOMET, Defendants/Appellees-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 13-1-0528)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)

Plaintiff/Appellant-Appellant Michele Lincoln (**Lincoln**) appeals from the "Findings of Fact, Conclusions of Law and Decision and Order Affirming the Agricultural Land Use District Boundaries into the Urban Land Use District Dated April 5, 2013" (**FOF/COL/Order**), entered on December 5, 2013, and the "Final Judgment," entered on January 27, 2014, in the Circuit Court of the Second Circuit[1] (**circuit court**).

This is a secondary appeal from the circuit court's review of the April 5, 2013 "Findings Of Fact, Conclusions Of Law, And Decision And Order" (**April 2013 FOF/COL**) of Defendant/Appellee-Appellee Land Use Commission, State of Hawai'i (**LUC**), that granted the "Petition for Land Use District Boundary

---

[1]    The Honorable Peter T. Cahill presided.

Amendment" (**Petition**) of Defendants/Appellees-Appellees West Maui Land Company, Inc. (**WMLC**), a Hawaiʻi corporation, and Kahoma Residential LLC (**Kahoma**), a Hawaiʻi limited liability company, (together, **Petitioners**).

On appeal, Lincoln contends the circuit court erred in:

(1) affirming the LUC's grant of Petitioners' Motion for Reconsideration;

(2) finding that the Petitioners' project was exempted from compliance with the West Maui Community Plan under Hawaii Revised Statutes (**HRS**) § 201H-38 (Supp. 2014);

(3) affirming the LUC's decision to limit the issues that Lincoln could address during the hearing;

(4) affirming the LUC's determination that Petitioners' unaudited financial statements satisfied Hawaii Administrative Rules (**HAR**) § 15-15-50(c)(8) (2008);

(5) substituting its judgment on the evidence in its FOF/COL/Order; and

(6) not holding that the LUC failed to address allodial title claims to the underlying property.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Lincoln's appeal is without merit.

## I. Motion for Reconsideration

Lincoln contends the LUC erred in granting Petitioners' Motion for Reconsideration and issuing its April 2013 FOF/COL without "expressly determin[ing] which, if any, of its challenged findings were clearly erroneous" and without "giv[ing] the reasons for its determination . . . ." Lincoln also contends the LUC's "original findings must stand because they may not simply be impliedly deemed to be clearly erroneous simply as a result of the fact that the LUC replaced them with findings stating the opposite." Lincoln's opening brief fails to provide any legal support for her contentions.

HAR § 15-15-84 (2013) permits a party to submit a

2

motion for reconsideration of an LUC decision.[2] HAR § 15-15-84(b) provides that "[t]he motion for reconsideration shall state specifically the grounds on which the movant considers the decision or order unreasonable, unlawful, or erroneous."

On January 23, 2013, pursuant to HAR § 15-15-84(b) the Petitioners filed a "Motion to Reconsider Decision and Order Adopted January 14, 2013" (**Motion for Reconsideration**) of the LUC's original January 14, 2013 "Findings of Fact, Conclusions of Law, and Decision and Order" (**January 2013 FOF/COL**). The Motion for Reconsideration alleged (1) that the LUC's findings could not rely upon the written testimony of Michael Lee (**Lee**) because Lee's testimony was not admitted into evidence; (2) that the LUC's finding that it could not determine the cultural practices of the proposed reclassification was inconsistent with the evidence presented during the hearing; (3) that the LUC erroneously concluded that Petitioners' unaudited financial statements were insufficient; (4) that the LUC erroneously concluded that the Petition Area includes lands with open area recreation facilities when the area is vacant and fallow; and (5) that the LUC should reconsider its determination because the Maui County adopted a new Maui Island Plan and new rules governing water quality of storm runoff after the evidentiary record had closed.[3] The LUC granted Petitioners' Motion for Reconsideration with the understanding that, by granting the motion, the LUC was

_____

[2]     HAR §15-15-84 provides:

> §15-15-84 <u>Reconsideration of decision</u>. (a) A motion for reconsideration shall be filed with the commission within seven calendar days after issuance of the commission's written decision and order. The motion for reconsideration shall clearly specify that the motion is for reconsideration.
>
> (b) The motion for reconsideration shall state specifically the grounds on which the movant considers the decision or order unreasonable, unlawful, or erroneous.
>
> (c) In no event will the commission consider any motion for reconsideration on any petition after the period within which the commission is required to act on the petition.

[3]     The LUC deemed the evidentiary portion of the proceeding complete on October 5, 2012. The Petitioners' Motion for Reconsideration alleged that the Maui County adopted new rules governing water quality of storm water runoff on November 28, 2012 and the Maui Island Plan on December 28, 2012.

not approving Petitioners' Petition. Instead, LUC's grant of Petitioners' Motion for Reconsideration merely indicated an intent to receive new evidence and reconsider its January 2013 FOF/COL conclusions at a later time. Thus, the LUC's grounds for granting Petitioners' Motion for Reconsideration and issuing its findings in its April 2013 FOF/COL were within the bounds of the LUC's discretion. See HAR § 15-15-84. The circuit court did not err in affirming the LUC's grant of Petitioners' Motion for Reconsideration and affirming the LUC's April 2013 FOF/COL.

## II. HRS § 201H-38 Exemption

Lincoln challenges "the LUC's conclusion that it had authority to grant the boundary amendment based upon [FOF] 387 in [the April 2013 FOF/COL]," which provides:

> 387. The County of Maui has undergone a review and update of its land use plans, the current result of which is that the [Petitioners' Kahoma's Residential Subdivision Affordable Housing Project (**Project**)] is included in the adopted Maui Island Plan as an urban use."

Lincoln provides no support for her contention that the LUC's reliance on FOF 387 was erroneous. Insofar as Lincoln does not present a discernible argument challenging FOF 387, we deem Lincoln's challenge to this finding waived. See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived."); see also Kaho'ohanohano v. Dep't of Human Servs, State of Hawaii, 117 Hawai'i 262, 297 n.37, 178 P.3d 538, 573 n.37 (2008) ("This court will disregard a particular contention if the appellant makes no discernible argument in support of that position." (citations, internal quotation marks, and brackets, omitted)).

Instead of providing an argument for how the LUC's reliance on FOF 387 was erroneous, the arguments in Lincoln's opening brief appear to challenge the LUC's determination that Petitioners were exempt from several regulations, pursuant to HRS § 201H-38.[4] Without providing any relevant factual or legal

---

[4]    HRS § 201H-38 provides, in relevant part:

    **§ 201H-38 Housing development; exemption from statutes, ordinances, charter provisions, and rules** (a) The [Hawaii Housing Finance and Development Corporation

(continued...)

4

support, Lincoln argues that Petitioners "waived [the Chapter 201H exemptions] . . . after they filed the Petition."

Under HRS § 201H-38, certain housing projects may be

---

[4](...continued)
(**corporation**)] may develop on behalf of the State or with an eligible developer, or may assist under a government assistance program in the development of, housing projects that shall be exempt from all statutes, ordinances, charter provisions, and rules of any government agency relating to planning, zoning, construction standards for subdivisions, development and improvement of land, and the construction of dwelling units thereon; provided that:

    (1)    The corporation finds the housing project is consistent with the purpose and intent of this chapter, and meets minimum requirements of health and safety;

    (2)    The development of the proposed housing project does not contravene any safety standards, tariffs, or rates and fees approved by the public utilities commission for public utilities or of the various boards of water supply authorized under chapter 54;

    (3)    The legislative body of the county in which the housing project is to be situated shall have approved the project with or without modifications[.]

We note that Lincoln failed to raise her HRS § 201H-38 exemption argument in her appeal from the LUC to the circuit court. HRAP Rule 28(b)(4) mandates opening briefs to contain, *inter alia*:

**Rule 28.**    **Briefs.**

    . . . .

    **(b) Opening brief.** . . .

    (4)  A concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency.

    . . . .

    (D) . . . .

    Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented.

(Emphasis added.) See Mauna Kea Power Co. v. Bd. of Land & Natural Res. (Bd.), 76 Hawaiʻi 259, 262 n.2, 874 P.2d 1084, 1087 n.2 (1994) (appellant waived issue that was not raised before circuit court in appeal from agency decision); see also State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases.").

exempt from the requirement that zoning or community plan designations must be changed to conform to the proposed use. The LUC found that the Petitioners' proposed Project was an affordable housing project. In addition, the LUC's FOFs 384 and 386 found:

> 384. On December 2, 2011, the Maui County Council approved a HRS Section 201H-38 application submitted by Petitioner allowing an exemption from the Maui County Code to enable project implementation without the filing and processing of a community plan amendment application.
>
> . . . .
>
> 386. The Maui County Council exempted the Project [sic] obtaining a change in zoning.

Lincoln did not challenge the LUC's FOFs 384 and 386 in her appeal to the circuit court. Given that the circuit court's FOF 43 is consistent with the LUC's unchallenged FOFs 384 and 386, the circuit court's finding was not erroneous. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawai'i 450, 459, 40 P.3d 73, 82 (2002) ("[U]nchallenged factual findings are deemed to be binding on appeal[.]").

## III. Intervention Limitation

Lincoln contends the LUC erred in limiting the issues that Lincoln was permitted to address during the Petition hearing. The record indicates that Lincoln filed a Petition to Intervene pursuant to HAR § 15-15-52 (2008), listing three areas of concern as the basis of her intervention. When the LUC was considering Lincoln's Petition to Intervene, Lincoln further requested that, "if her intervention is granted, the issue of traffic (commitment of state funds and resources) be added to the three issues for which Petition did not oppose intervention." On June 22, 2012, the LUC granted Lincoln's Petition to Intervene and limited the scope of her intervention to the following issues:

> (1) the impact of the proposed reclassification on the preservation or maintenance of important natural systems or habitats; (2) the impact of the proposed reclassification on the maintenance of other natural resources relevant to Hawaii's economy including, but not limited to, agricultural resources; (3) the impact of the proposed reclassification on the provision for housing opportunities for all income groups, particularly the low, low-moderate, and gap groups;

and (4) traffic (commitment of state funds and resources).

The scope of the LUC's limitation was consistent with Lincoln's four areas of concern and Lincoln did not object to the LUC's imposed limitations.

The only legal argument Lincoln provides in support of her appeal is that the circuit court should have declared that she did not waive her objection to the LUC's limitation because she proceeded during the LUC proceedings pro se.[5] But see HRAP Rule 28(b)(4) (appellant's concise statement of the points of error shall state "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency.").

Even if we were to consider Lincoln's challenges to the LUC's intervention limitation, Lincoln's opening brief provides no legal or factual support for her argument that the LUC erred in limiting the scope of her intervention. HAR § 15-15-63(b) (2008) provides that "[a]ny oral or documentary evidence may be received, but the [LUC] shall as a matter of policy provide for the exclusion of irrelevant, immaterial, or unduly repetitious evidence . . . ." See also HAR § 15-15-65 (2008) ("To avoid unnecessary cumulative evidence, the presiding officer may limit the number of witnesses or the time for testimony upon a particular issue."). The LUC clearly had the authority to exclude any questioning that it deemed irrelevant, immaterial, or unduly repetitious. Lincoln does not indicate where in the record any of her concerns were not addressed or where the LUC erred in limiting her participation in the hearing. See Int'l Bhd. of Elec. Workers, Local 1357 v. Hawaiian Tel. Co., 68 Haw. 316, 332, 713 P.2d 943, 956 (1986) ("[A]ppellate court is not required to sift through a voluminous record for documentation of a party's contentions."). Given that the scope of the LUC's limitation was consistent with Lincoln's grounds for intervention, that Lincoln failed to object to the limitation

_____

        [5]     While Lincoln proceeded before the LUC pro se, she is represented by counsel in this appeal.

7

during the LUC proceedings, and that Lincoln's opening brief fails to provide any factual support for her argument on appeal, we have no basis upon which to rule that the scope of the LUC's limitation was erroneous.

## IV. Financial Reports

Lincoln challenges the LUC's FOFs 393 and 394, which provide:

> 393. Petitioner will obtain funding for improvements by bank or private financing.

> 394. Petitioner has the financial capability to undertake the Project.

Lincoln contends the LUC erred in finding that Petitioners provided sufficient financial statements because, as a matter of law, Petitioners were required to provide audited financial reports.

HAR § 15-15-50(c)(8), the rule in effect at the time of the LUC proceedings, provided that a petition for boundary amendment shall include "[a] statement describing the financial condition together with a current balance sheet and income statement, and a clear description of the manner in which the petitioner proposes to finance the proposed use or development." HAR § 15-15-50(c)(8) does not specify whether the financial statements need be audited in order to comply with the rule. The LUC promulgated HAR § 15-15-50's requirements pursuant to statutory authority granted under HRS §§ 205-1, 205-4, and 205-7. None of the authorizing statutes indicate a requirement that financial statements for the proposed use or development of land be audited.

> As a general rule,
>
> where an administrative agency is charged with the responsibility of carrying out the mandate of a statute which contains words of broad and indefinite meaning, courts accord persuasive weight to administrative construction and follow the same, unless the construction is palpably erroneous.

Haole v. State, 111 Hawai'i 144, 150, 140 P.3d 377, 383 (2006) (brackets omitted) (quoting Morgan v. Planning Dep't, Cnty. of Kaua'i, 104 Hawai'i 173, 180, 86 P.3d 982, 989 (2004)). In other words,

> [w]here an agency is statutorily responsible for carrying out the mandate of a statute which contains broad or ambiguous language, that agency's interpretation and application of the statute is generally accorded judicial deference on appellate review. Vail v. Employees' Retirement System, 75 Haw. 42, 59, 856 P.2d 1227, 1237 (1993). However, an interpretation by an agency of a statute it administers is not entitled to deference if the interpretation is plainly erroneous and inconsistent with both the letter and intent of the statutory mandate. Kahana Sunset Owners v. County of Maui, 86 Hawai'i 66, 72, 947 P.2d 378, 384 (1997).

Haole, 111 Hawai'i at 150, 140 P.3d at 383 (quoting TIG Ins. Co. v. Kauhane, 101 Hawai'i 311, 321, 67 P.3d 810, 820 (App. 2003)).

Lincoln provides no argument for why the LUC's interpretation of HAR § 15-15-50(c)(8) was erroneous. Instead, Lincoln merely contends that "[t]he rules do not tie the LUC's hands or require it to accept an unaudited financial statement at face value." Indeed the rules do not require the LUC to accept unaudited financial statements, but it also does not preclude the LUC from finding unaudited financial statements sufficient. Therefore, the circuit court did not err in affirming the LUC's finding that unaudited financial statements satisfied HAR § 15-15-50(c)(8)'s requirements.

## V. Circuit Court's Findings of Fact

Lincoln contends the circuit court erred "when it substituted its judgment on the evidence in finding that the LUC did not breach its constitutional and statutory duties." Lincoln alleges the circuit court erred by "evaluating evidence which the LUC had not even identified as the basis for the findings it reversed" and "speculat[ing] about which evidence the LUC may have found persuasive or more persuasive . . . ." It is unclear which of the circuit court's factual findings Lincoln challenges on appeal. Lincoln's point of error section contends the circuit court erred when it cited to the testimony of Agronomist Paul Singleton, Ph.D (**Dr. Singleton**) and Cultural Practitioner Michael Dega (**Dega**) to the exclusion of other evidence to the contrary. It appears that Lincoln may be challenging the circuit court's COLs 86 and 105, the only two findings that cite to the challenged testimonies.

COL 86 provides:

> 86. The [LUC], after lengthy testimony by [Dr. Singleton], determined that removal of the land from agricultural use would not substantially impair actual or potential agricultural production and that the removal of the land from agricultural use was reasonably necessary for urban growth.

COL 105 provides:

> 105. The [LUC] based this finding on the testimony of [Dega], the report submitted in connection with the Environmental Assessment, and supplemental archaeological work performed during the hearing on the Petition.

Without providing citations to the record, Lincoln contends Dr. Singleton's testimony was "contradicted by farmers" during the hearing and that Dega's testimony was "vigorously opposed by other practitioners." Lincoln argues that the circuit court's reliance upon the challenged testimonies was therefore erroneous. Because Lincoln fails to provide any citations to where evidence of opposing testimonies can be found in the record, we have no basis upon which to rule that the circuit court's findings were erroneous.

## VI. Allodial Title

Lincoln contends the LUC erred when it granted Petitioners' Petition without first addressing allodial title claims to the underlying property that intervenor Routh Bolomet (**Bolomet**) raised during the LUC proceedings. Lincoln's opening brief only argues that Bolomet raised allodial title claims before the LUC, but fails to indicate if or when Lincoln also raised such a claim.[6] Therefore, the circuit court did not err in declining to address Lincoln's allodial title claims.

Therefore,

IT IS HEREBY ORDERED that the Circuit Court of the Second Circuit's "Findings of Fact, Conclusions of Law and Decision and Order Affirming the Agricultural Land Use District Boundaries into the Urban Land Use District Dated April 5, 2013,"

---

[6] The record indicates that Bolomet did not appeal the LUC's grant of Petitioners' Petition. Furthermore, the record does not indicate that Lincoln was claiming that she had a right of ownership over the underlying property, but rather that she was asserting ownership rights on behalf of Bolomet.

entered on December 5, 2013, and "Final Judgment," entered on January 27, 2014, are affirmed.

DATED:  Honolulu, Hawai'i, November 10, 2015.

On the briefs:

Rafael G. Del Castillo
(Jouxson-Meyers & Del
Castillo)
for Plaintiff/Appellant-
Appellant Michele Lincoln.

Patricia Ohara
Diane Erickson
Deputy Attorneys General
for Defendant/Appellee-
Appellee Land Use Commission,
State of Hawai'i.

James W. Geiger
(Mancini, Welch & Geiger)
for Defendants/Appellees-
Appellees West Maui Land
Company, Inc., and Kahoma
Residential LLC.

Presiding Judge

Associate Judge

Associate Judge